**Leonard Elgin BOYLE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–17286.**

Court of Criminal Appeals of Oklahoma.

March 15, 1972.

Don Anderson, Public Defender, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kay Karen Kennedy, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge.

Leonard Elgin Boyle, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Unauthorized Use of a Motor Vehicle, After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Ronald D. Elm testified he was general manager of Dub Richardson Ford Company and leased a 1971 Ford Pickup, Serial Number F10HKM06805, to one of their salesmen, John Amis.

John Amis testified that he received the pickup in question from Dub Richardson and last saw it on September 19, 1971, when he parked it at his apartment. Several days later, he observed it at a salvage yard in a damaged condition. His door keys worked, but not his ignition key. He did not give the defendant or anybody permission to take the vehicle.

Deputy Harrison testified that on September 22, 1971, he was with Deputies Faulkner and Holloway in the vicinity of 74th and Hiwasee Road, in Oklahoma County, Oklahoma. He observed the defendant sitting under the steering wheel of a red 1971 Ford Pickup with Georgia Ann Kiser as a passenger. The license tag on the pickup was registered to a different car. He observed the pickup about one hour later in a damaged condition. The car was impounded and taken to a salvage yard where, the following morning, he met Amis. Amis tried his car keys and found that the door keys worked but not the ignition. Amis' ignition key later was checked and found that it fit an ignition found in the purse of Miss Kiser at the time of the arrest.

Deputy Faulkner's testimony did not differ substantially from that of the witness, Harrison.

Detective Hale of the Del City Police Department testified that he placed defendant under arrest as he dismounted from the 1971 Ford Pickup, approximately one-half mile east of Choctaw Road on 89th Street.

For the defense, Deputy Faulkner was recalled and testified that the defendant was arrested after a 20-mile chase. He further testified that he subsequently filed a charge against the defendant for Attempting to Elude a police officer.

The sole proposition asserts that the misdemeanor conviction for Attempting to Elude a Police Officer bars the subsequent prosecution for Unauthorized Use of a Motor Vehicle. We cannot concur with this assertion. We are of the opinion that the offenses of Attempting to Elude a Police Officer and Unauthorized Use of a Motor Vehicle are separate and distinguishable offenses, and the conviction for Attempting to Elude a Police Officer does not bar the prosecution for Unauthorized Use of a Motor Vehicle. The elements of Unauthorized Use and of Attempting to Elude a Police Officer are quite dissimilar. The proof required to prove the Unauthorized Use and the proof required to prove the charge of Attempting to Elude a Police Officer are completely different. We, therefore, find this proposition to be without merit.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT, J., specially concurs.

SIMMS, J., concurs.

BRETT, Judge (specially concurring).

The vehicle was taken on September 19, and the attempt to elude an officer occurred some two days later. Consequently, I agree that the subsequent misdemeanor does not bar trial for the earlier offense.